IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SAGE REDWIND,

           Plaintiff,

    v.

WESTERN UNION, LLC,

           Defendants.

Civ. No. 3:14-cv-01699-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

Before the court is defendant Western Union's ("defendant") cost bill. (ECF No. 190.) Plaintiff Sage Redwind ("plaintiff") filed this lawsuit on October 27, 2014, alleging defamation, discrimination, harassment, retaliation, and discriminatory practices. (ECF No. 1.) On June 16, 2016, the court granted defendant Western Union's ("defendant") motion (ECF No. 95) for summary judgment and dismissed plaintiff's complaint with prejudice. (ECF No. 188.) Defendant, as prevailing party, now seeks to recover $13,425.37 in costs. (ECF No 190, p. 1.) Plaintiff objects to defendant's motion (ECF No. 195), arguing that none of defendant's costs are recoverable because: (1) defendant is not the prevailing party, (2) deposition costs were not

1 – OPINION AND ORDER

necessary to the litigation; and (3) remaining costs are not recoverable or were not reasonably necessary. For the reasons explained below, defendant's motion is GRANTED IN PART and DENIED IN PART, and defendants are awarded $10,619.87 in costs.

*Legal Standards*

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. FED. R. CIV. P. ("Rule") 54(d). Pursuant to 28 U.S.C. § 1920, the court may tax as costs the following specific items against a losing party:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Rule creates a presumption in favor of awarding costs to the prevailing party. *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The district court need not specify reasons for its decision to abide the presumption and tax costs to the losing party, but "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound*

*Transit*, 335 F.3d 932, 945 (9th Cir. 2003). It is "incumbent upon the losing party to demonstrate why the costs should not be awarded," *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir.1999), and the trial judge has wide discretion in awarding costs under Rule 54(d)(1). *Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002). However, the court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).

*Discussion*

I.  Prevailing Party

As an initial matter, plaintiff argues that defendant is not the prevailing party in this lawsuit and is therefore not entitled to an award of costs because the court's order granting summary judgment was error, and is "nearly guaranteed" to be overturned by the Ninth Circuit. (ECF No. 195, p. 2.) A "prevailing party" for purposes of Rule 54 is a party in whose favor judgment – including summary judgment – is rendered. *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977); *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 742 (9th Cir. 2009) (defendants that obtained summary judgment on all of plaintiff's federal claims were "clearly the prevailing parties"). Even though plaintiff has filed an appeal, the court's order granting summary judgment nevertheless is final, and defendant is thus the prevailing party and entitled to an award for recoverable costs under Rule 54.

II.  Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case (28 U.S.C. § 1920(2)).

Defendant seeks to recover the costs associated with plaintiff's deposition, including costs for court reporters, videographers, and certified transcriptionists, as well as the costs of

transcripts of hearings in the case. (ECF No. 191, p. 2.) Specifically, defendant seeks these amounts for hard-copy and video depositions:

    1. Court reporter fees and transcript of deposition of Plaintiff Sage Redwind (Vol. 1): $1,519.75

    2. Video Deposition of Plaintiff Sage Redwind (Vol. 1): $729.50

    3. Court reporter fees and transcript of deposition of Plaintiff Sage Redwind (Vol. 2): $1,795.50

    4. Video Deposition of Plaintiff Sage Redwind (Vol. 2): $919.50

    5. Court reporter fees and transcript of deposition of Plaintiff Sage Redwind (Vol. 3): $1,812.50

    6. Video Deposition of Plaintiff Sage Redwind (Vol. 3): $875.00

    7. Court reporter fees and transcript of deposition of Plaintiff Sage Redwind (Vol. 4): $513.50

    8. Video Deposition of Plaintiff Sage Redwind (Vol. 4): $281.25

    **TOTAL:**    **$8,446.50**

The subtotal of costs associated with securing the deposition and printed transcripts is $5,641.00, and the subtotal of costs associated with obtain a video version of plaintiff's deposition is $2,805.25.

Defendant also seeks to recover these amounts associated with obtaining transcripts of court proceedings in the case:

    1. Transcript of hearings held February 20, 2015, and March 30, 2015: $805.10

    2. E-transcript of hearings held February 20, 2015, March 30, 2015, May 1, 2015, June 22, 2015 and July 2, 2015: $215.10

    3. Transcript of hearing held May 1, 2015: 184.30

    4. Transcript of hearing held June 22, 2015: $150.35

    5. Transcript of hearing held July 2, 2015: $252.20

4 – OPINION AND ORDER

6. Transcript and e-transcript of hearing held August 26, 2015: $362.15

7. Transcript and e-transcript of hearing held March 28, 2016: $238.55

8. Transcript of hearing held April 13, 2016: $121.25

9. Transcript and e-transcript of hearing held April 15, 2016: $51.00

**TOTAL:**         **$2,380.00**

*A. Deposition Transcripts.*

Defendant seeks costs incurred to depose plaintiff and produce transcripts of her deposition. Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" "Fees of a court reporter are specifically allowed under § 1920." *Sterling Sav. Bank v. Derek L. Brown & Assoc., Inc.,* No. 3:10-CV-00674-BR, 2013 WL 164424, at *5 (D. Or. Jan. 15, 2013). "The cost of a deposition not used at trial still may be recovered if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Pullela v. Intel Corp.*, No. CV-08-1427, 2010 WL 3361089, at *2 (D. Or. Aug. 25, 2010), *aff'd,* 467 F. App'x. 553 (9th Cir. 2012).

Plaintiff argues that none of these costs were reasonably necessary, because defendant took her deposition "entirely for investigative purpose, to unnecessarily discover information," inflated its costs, and did not use her deposition in litigation. (ECF No. 195, p. 2.) She also argues that it was not necessary to take her deposition because the case did not go to trial, and because defendants were in possession of her recitation of the facts as contained in the complaint. She contends that her deposition was "merely used as a discovery tool, for the

convenience of the counsel." (ECF No. 195, p. 5.) Plaintiff also argues that an electronic transcript of the deposition was not necessary in addition to a printed copy.

Taking the opposing party's deposition and obtaining copies of the transcript of that deposition for use in the case, including use at trial, is reasonably calculated to properly prepare for trial and within Rule 54's "necessity" requirement. Here, defendant took plaintiff's deposition at a time when trial before a jury was a possibility. (ECF No. 200, p. 1-2.) Although this case did not go to trial, defendant also relied on plaintiff's deposition testimony in its motion for summary judgment. (ECF No. 95.) Further, while plaintiff argues that defendants already had access to her testimony through her pleadings and documents produced during discovery (ECF No. 195, p. 7), plaintiff's complaint was not a sworn statement and, in any event, defendant was entitled to obtain her deposition testimony to use as evidence in the case. Plaintiff's deposition and a copy of its transcript therefore were reasonably necessary. Accordingly, the court finds that plaintiff's deposition transcripts were necessarily obtained in this case, and awards costs in the amount of $5,641.00.

### B. Videotaped Depositions.

Defendant also seeks to recover the costs incurred in videotaping plaintiff's deposition, in addition to the cost incurred to obtain the printed and electronic transcript of the deposition. Defendant alleges that it was necessary to the litigation to videotape plaintiff's deposition for purposes of showing her demeanor, which it alleges is an important issue in this case because of its theory that plaintiff's claims arose not from discrimination, but from her disagreements with her managers' assessments of her communication and interpersonal skills. (ECF No. 199, p. 5.) Without more, however, defendants have failed to show how the written version of plaintiff's deposition testimony or her testimony at trial could not serve the same purpose. *See Pullela*,

6 – OPINION AND ORDER

2010 WL 3361089, at *3 (denying request for costs of a videotaped deposition because defendant "fail[ed] to explain how, in the context of th[at] case, [plaintiff's] deposition demeanor was such an important issue that the video version, in addition to the written version, of her deposition was necessary). The court therefore denies defendant's request for the $2,805.25 in videographer fees.

### C. *Transcripts of Court Proceedings.*

The record demonstrates that these costs fall within the statute. In this case the court held numerous lengthy discovery conferences and motion hearings, and orally issued its rulings in court. The transcript from each proceeding was necessary to understand and have a record of the court's rulings. The rough draft versions of the deposition transcripts also were reasonably necessary because plaintiff's deposition spanned multiple, non-sequential days, in part because plaintiff asserted numerous objections and gave numerous non-responsive answers which required the court's intervention. (*See, e.g.*, ECF No. 200-1, p. 25 (transcript of court's remarks at plaintiff's deposition that plaintiff's "answers have not always been clear and direct and sometimes [plaintiff has] raised concerns or objections that . . . weren't warranted by the questions asked").) Defendant's counsel reasonably concluded that rough draft and expedited transcripts of plaintiff's deposition were necessary to promote efficiency and avoid redundancy in subsequent deposition sessions. (ECF No. 200, p. 2.) Accordingly, the court finds that rough drafts and transcripts of court proceedings were necessarily obtained in this case, and awards costs in the amount of $2,380.00.

III.   Fees and Disbursements for Witnesses (28 U.S.C. § 1920(3)).

A prevailing party may recover witness fees, and a witness is entitled to a fee of $40.00 for each day the witness is testifying. 28 U.S.C. § 1821(b) ("A witness shall be paid an

attendance fee of $40 per day for each day's attendance."). *See also First Nat. Mortg. Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1071 (9th Cir. 2011) (federal law allows recovery of only "forty dollars per day per witness"). Defendant seeks to recover a $40 witness fee for each of eight witnesses, for a total of $320.00. Plaintiff argues that these costs should be denied because they are not covered by the statute and were not necessary to the litigation. Contrary to plaintiff's allegations, however, the witness fees related to subpoenas *duces tecum* are all covered under §1920 and Rule 54, and the court is satisfied that the costs were both reasonable and necessary to the litigation. Accordingly, the court awards costs in the full amount of $320.00.

IV.   Fees and Disbursements for Printing (28 U.S.C. § 1920 (4)).

Defendant seeks reimbursement for exemplification and copying in the amount of $2,258.87. This amount includes the cost of copying fees for medical records, copying documents produced by third parties, copying documents produced by plaintiff in discovery, and copying documents produced by defendant in discovery. Exemplification and copies necessarily obtained for use in a case are taxable as costs, under Section 1920(4). *Maxwell v. Hapag Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Teicher v. Regence Health and Life Ins. Co.*, No. 06-1821-BR, 2008 WL 5071679, at *11 (D. Or. Nov. 24, 2008); *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau*, 2002 WL 31466564, at *6 (citation omitted). Recoverable copying costs also do not include costs associated with in-

house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6 (same).

> Local Rule 54–1(a)(1) describes the requirements for cost bills filed in this district:
>
> Bill of Costs: Not later than fourteen (14) days after entry of judgment or receipt and docketing of the appellate court's mandate, the prevailing party may file and serve on all parties a Bill of Costs that provides detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation.

This rule requires the prevailing party to explain the nature of the photocopying so that the court may determine which costs, if any, are properly awardable. *Key Bank Nat'l Ass'n v. Van Noy*, 598 F. Supp. 2d 1160, 1168 (D. Or. 2009); *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1035 (D. Or. 1996).

In its supporting memorandum, Defendant provided a detailed explanation of its copy costs, including that defendant is not seeking recovery of costs associated with internal copying and for convenience of counsel (*See* ECF No. 191, pp. 6-7). Defendant supported this representation with testimony and exhibits that substantiate those costs. *See* Declaration of Amanda C. Van Wieren (ECF No. 192) and exhibits thereto. The detail provided meets the court's requirements. Accordingly, the court awards costs in the amount of $2,258.87.

V.      Docket Fees (28 U.S.C. § 1920(5))

A prevailing party may also recover a docket fee "under section 1923 of this title." 28 U.S.C. 1920(5). This cost is explicitly recoverable under the statute. Accordingly, the court awards a docket fee of $20.

\\\\\

\\\\\\

9 – OPINION AND ORDER

*Conclusion*

Defendant's motion is GRANTED IN PART AND DENIED IN PART, and defendant is awarded $10,619.87 in costs.

IT IS SO ORDERED.

DATED this 16th day of September, 2016.

                                                                             _____
                                                                             JOHN V. ACOSTA
                                                                             United States Magistrate Judge