UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SAGE REDWIND,                                                                Case No. 3:14-cv-01699-AC

　　　　　　　　Plaintiff,                                                        OPINION & ORDER

　　　　　v.

WESTERN UNION, LLC,

　　　　　　　　Defendant.
_____

ACOSTA, Magistrate Judge:

　　　　Pro se plaintiff Sage Redwind ("Redwind") seeks reconsideration of the court's order granting in part the Bill of Costs filed by defendant Western Union, LLC ("Western Union").  (ECF No. 203.)  For the reasons that follow, the court denies Redwind's motion but grants a stay on the award of costs until resolution of Redwind's appeal in this case.

*Background*

　　　　Redwind initiated this lawsuit against Western Union, alleging employment discrimination,

harassment, discriminatory pay practices, retaliation, and defamation.  (ECF Nos. 1, 3, 12.)  The court granted Western Union's motion for summary judgment on all of Redwind's claims, following extensive discovery.  (ECF No. 188.)  Redwind currently is appealing the court's grant of summary judgment to the United States Court of Appeals for the Ninth Circuit.  (ECF No. 194.)

Western Union, as a prevailing party, sought $13,425.37 in costs, under Federal Rule of Civil Procedure ("Rule") 54.  (ECF No. 190.)  Redwind opposed the cost award, arguing Western Union is not a prevailing party because the court granted summary judgment in error.  (ECF No. 195 at 2.)  Redwind also objected to specific costs as non-recoverable.  (*Id.* at 3–11.)  Redwind did not make any policy-based arguments against awarding costs.  (*See id.* at 2.)  The court awarded Western Union $10,619.87 in costs.  (ECF No. 202.)

*Standard*s

I.  Motion for Reconsideration.

A court may reconsider prior orders under Rules 59(e) or 60(b).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "[A] motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Holdner v. Coba*, No. 3:15-cv-2039-AC, 2016 WL 4210776, at *1 (D. Or. Aug. 8, 2016) (quoting *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011)).  Rule 60(b) allows reconsideration for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Under Rule 59(e) , reconsideration is available "when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)).   A party may not use a motion for reconsideration to raise new arguments or offer new evidence in a motion for reconsideration, if the arguments or evidence reasonably could have been raised in the original briefing. *Id.* at 492 (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

II.  Awarding Costs.

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mex–Am. Educators*, 231 F.3d at 591.  District courts have discretion to refuse or reduce an award of costs, but must provide a reason for doing so. *Escriba*, 743 F. 3d at 1247–48.  The Ninth Circuit identifies the following a non-exhaustive list of reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* (citing *Ass'n of Mex.–Am. Educators*, 231 F.3d at 592–93).  The factors are only a starting point for analysis, and do not require any specific conclusion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

/ / / / /

*Preliminary Procedural Matter*

In the motion for reconsideration, Redwind argues certain expenses in her monthly budget are attributable to Western Union's conduct.  (Mot. for Recons., ECF No. 203, at 2–4; Decl. of Praxis Ravenwolf, ECF No. 205 ¶¶ 3–6.)  As a preliminary matter, the court will not consider Redwind's arguments about Western Union's purported causation of her health problems.  Such arguments implicitly seek to relitigate Redwind's claims against Western Union.  Redwind cannot do so under the aegis of a bill of costs.  Accordingly, the court will disregard Redwind's arguments that her health problems and purchases of organic groceries, supplements, and other items are attributable to Western Union's conduct.

*Analysis*

Redwind asks the court to reconsider its award of costs to Western Union primarily based on her inability to pay the awarded costs.  Redwind also raises policy considerations about ordering an employment-discrimination plaintiff to pay costs to a large business with substantial revenues.  Western Union opposes Redwind's motion.  First, Western Union contends Redwind's use of a motion for reconsideration is inappropriate.  Western Union next argues Redwind does not make the requisite showing for reconsideration, and inappropriately raises new arguments and new evidence in her motion.  Finally, Western Union asserts Redwind's claimed inability to pay is insufficient to overcome the presumption in favor of awarding costs.

I.  Reconsideration Is Not Appropriate.

Redwind seeks reconsideration based on her claimed inability to pay the award of costs. (Mot for Recons. at 1–2.)  For the court to consider the merits of her arguments, Redwind must first establish a basis for reconsideration.  *See Kona Enter.*, 229 F.3d at 890 (movant seeking

reconsideration cannot raise new legal arguments or present new evidence unless movant reasonably could not have presented arguments or evidence earlier). Western Union opposes reconsideration, arguing that Local Rule of Civil Procedure ("Local Rule") 54–2(b) was the appropriate vehicle for objecting to the cost award and that Redwind does not establish a basis for reconsideration.

### A. Local Rule 54–2 Does Not Apply to this Motion.

Western Union first argues Redwind's motion is the wrong vehicle to present her arguments against the court's award of costs. Western Union points to Local Rule of Civil Procedure ("Local Rule") 54–2 as the appropriate way to challenge an award of costs. Redwind does not address this contention in her reply. Local Rule 54–2(b) lays out a procedure for lodging objections of the Clerk of Court's order awarding costs. But Redwind does not seek reconsideration of the Clerk's order of costs; she seeks reconsideration of the court's award of costs. Redwind therefore had no reason to base her motion on Local Rule 54–2(b).

### B. Redwind Cannot Offer New Evidence or Legal Arguments.

Redwind advances new evidence, legal arguments, and equitable arguments against the court's award of costs. Western Union contends her new evidence and arguments are not a basis for reconsideration. Under both Rules 59(e) and 60(b), a movant seeking reconsideration based on newly discovered evidence "must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coultas*, 2016 WL 2770805, at *2 (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)). A motion for reconsideration may raise new legal arguments only if the movant could not reasonably have raised the argument during the initial briefing. *Kona Enter.*, 229 F.3d at 890–91 (new argument

improper when movant had reason to raise the argument prior to the court's initial ruling).

Redwind's evidence regarding her financial condition is not a basis for reconsideration under the newly discovered evidence criterion.  Redwind submitted personal budget documents, receipts, and financial statements.  (Decl. of Sage Redwind ("Redwind Decl."), ECF No. 204, Exs. 1–6, 8–12.)  Redwind does not argue that she was unaware of her financial condition when she filed her objections to Western Union's cost bill, nor is such an argument plausible.  Accordingly, reconsideration based on Redwind's newly presented financial information would be improper.  *Sch. Dist. No. 1J*, 5 F.3d at 1264 ("[F]ailure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

The legal arguments Redwind advances are also not a basis for reconsideration.  Redwind argues the disparity in resources between the parties and potential for chilling effects on other plaintiffs weigh against awarding any costs.  She does not suggest any reason for omitting these arguments in her original opposition.  A motion for reconsideration based on new legal argument is appropriate only  where the movant reasonably could not have raised the argument in their prior briefing.  *Kona Enter.*, 229 F.3d at 890–91.  Where a party chooses to not advance arguments during initial briefing, the previously omitted arguments do not support a motion for reconsideration.  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (affirming denial of reconsideration based on an issue the parties chose not to argue previously).

Redwind chose to file objections to individual costs and oppose any recovery of costs because of the asserted merits of her appeal.  (ECF No. 195.)  She did not argue that she was unable to pay, or that an award of costs was improper because of disparity in resources or the potential for

a chilling effect on other plaintiffs.  (*Id.*)  Redwind had notice of the amount of money Western

Union sought as costs, and thus reasonably could have asserted the disparity in resources, potential

for a chilling effect, and her financial condition in her original briefing.  Her decision to not raise

those arguments in the original briefing is not a basis for reconsideration.  *Navajo Nation*, 331 F.3d

at 1046.

C.  *Redwind Does not Demonstrate Clear Error.*

Redwind also does not show clear error.  Clear error exists if "the reviewing court on the

entire record is left with the definite and firm conviction that a mistake has been committed."  *Smith*

*v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)).  For example, in *Smith*, reconsideration was appropriate where the district

court made a ruling without considering controlling precedent.  In this case, Redwind does not show

that the court committed clear error in awarding costs by failing to consider controlling precedent

or any similar mistake.  The court analyzed relevant precedent in its prior opinion awarding costs.

*Redwind v. Western Union LLC*, Case No. 3:16-cv-1699-AC, 2016 WL 4974952, at *1 (D. Or. Sept.

16, 2016).  Moreover, additional precedent weighs against Redwind's new arguments, as discussed

below in detail.  Thus, Redwind fails to show clear error meriting reconsideration.

D.  *Redwind Does not Demonstrate Manifest Injustice.*

Finally, Redwind does not establish manifest injustice.  In her reply, Redwind argues

manifest injustice is present because the court's grant of summary judgment depended on factual

errors.  (Reply, ECF No. 208, at 4–6.)  "At a minimum, the challenged decision should involve a

significant inequity or the extinguishment of a right before being characterized as manifestly unjust."

*Jeffries v. Wood*, 114 F.3d 1484, 1492 (9th Cir. 1997) (en banc), *overruled on other grounds*,

*Gonzales v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2012) (en banc).  Redwind's argument reiterates her disagreement with the court's prior decision, but does not establish that the award was a significant inequity.  Accordingly, she fails to show manifest injustice.

In sum, Redwind does not establish any basis for reconsideration.  She instead advances policy-based arguments which she reasonably could have raised in the original briefing.  The court therefore denies Redwind's motion for reconsideration of the cost award.

## III.  Merits of Redwind's Arguments Against Awarding Costs

Even if the court were to reconsider the cost award, the facts and law Redwind offers are insufficient to disturb the court's prior ruling.  Redwind makes three substantive arguments against an award of costs in this case.  First, Redwind relies on her asserted inability to pay, despite her income.  She claims that her expenses — including supporting her partner — exceed her income.  Redwind also argues her debts weigh against an award of costs.  Second, she argues an award of costs is improper because of the disparity of resources between the parties.  Third, Redwind argues an award of costs will have a chilling effect on prospective employment-discrimination plaintiffs.  Western Union replies that none of Redwind's arguments are valid reasons not to award costs.  For the reasons below, Redwind's arguments do not overcome the presumption in favor of awarding costs.

### A.  Redwind's Financial Status.

Redwind asks the court to not award costs because she is unable to pay the award.  A plaintiff's "limited financial resources" are an appropriate reason for denying or decreasing an award of costs.  *Draper*, 836 F.3d at 1087 (quoting *Escriba*, 743 F.3d at 1247–48).  The parties disagree regarding what the court may consider in analyzing a party's "financial resources."  Redwind

[TJP]

proffers evidence of her income, expenses, and debts. (ECF No. 204, Exs. 1–6, 8–12.) Western Union argues the court should look only to Redwind's income, and decline consideration of her expenses.

The proper scope of the "financial resources" inquiry is generally the party's employment status, income, assets, and debts. *Draper*, 836 F.3d at 1089 (considering debt and lack of employment, income, or assets); *Stanley v. Univ. of So. Cal.*, 178 F.3d 1069,1079 (9th Cir. 1999) (considering employment status and income). Courts also have discretion to consider other financial factors unique to individual cases. *Guitron v. Wells Fargo Bank, NA*, 619 F. App'x 590, 592 (9th Cir. 2015) (reducing cost award because of a party's status as a single parent with two children). Redwind does not offer, nor can the court find, any authority supporting consideration of a party's monthly budget. Accordingly, the court will determine Redwind's financial resources by looking to her employment status, income, assets, and debts. *Draper*, 836 F.3d at 1089.

Here, the parties do not dispute that Redwind remains employed at Western Union. Redwind represents that her 2016 pre-tax income was $70,908. (Reply at 1.) Redwind submits evidence that she has $305 in savings. (Redwind Decl. Exs. 1, 2.) Redwind's evidence also shows debts totaling $50,087. (*Id.* Exs. 2, 3.) Redwind's other financial circumstances (financially supporting her adult partner and purchasing specific types of food, supplements, and other products) are not part of the financial-resources determination under *Draper* or *Stanley*, nor do they represent an obligation such as the sole responsibility for two minor children considered in *Guitron*. *Cf. Guitron*, 619 F. App'x at 592.

Taxing costs is inappropriate where the award would render a party indigent, considering a party's financial resources. *Escriba*, 743 F.3d at 1248; *Stanley*, 178 F.3d at 1079. Accordingly, the

question presented here is whether the order taxing costs would render Redwind indigent, in light of her employment status, income, assets, and debts. Within this framework, Redwind argues the award of costs will render her indigent because her debts exceed her after-tax income.

Western Union argues the award of costs will not render Redwind indigent, in light of her financial circumstances. Western Union relies on an analogous case from this court, *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 3555772 (D. Or. Aug. 11, 2011). In *Hunt*, the plaintiff brought an unsuccessful employment discrimination case against her former employer. *Id.* at *1. After trial, the defendant sought over $50,000 in costs, of which the court allowed $9,537.14. *Id.* The plaintiff was employed, with a salary exceeding $60,000 per year. *Id.* at *3. Citing *Stanley*, the plaintiff claimed her limited financial resources rendered an award of costs unfair. *Id.* at *3–4. The court found the plaintiff's financial resources were "significantly more favorable than those of the *Stanley* plaintiff" because she was continuously employed. *Id.* at *3. Western Union contends Redwind's financial situation is similar to the plaintiff in *Hunt*, supporing an award of costs.

Redwind's financial condition does not rise to the level of indigency. Redwind's income is similar to the plaintiff in *Hunt*. *Hunt*, 2011 WL 3555772, at *3. The *Hunt* plaintiff and Redwind both were continuously employed, earning annual salaries exceeding $50,000. *Id.* Redwind and the *Hunt* plaintiff differ in their debts — Redwind shows an aggregate indebtedness roughly equal to her annual income; the *Hunt* plaintiff did not introduce evidence of debts. *See id.* But Redwind's debts do not compel a contrary outcome. Consumer debts, such as student loans, car loans, mortgages, and credit card debt, are common. Most people and most corporations carry some debt in the ordinary course of their affairs. Reversing the presumption in favor of costs for every person or entity with debts would create an exception that would swallow the rule. *See Ass'n of Mex.–Am. Educ.*, 231

F.3d at 591(Rule 54 "creates a presumption in favor of awarding costs to a prevailing party"). Neither Redwind's debts nor her other financial circumstances are the type of exigent circumstances sufficient to rebut the presumption in favor of awarding costs. Redwind's financial circumstances therefore do not support rejecting a bill of costs.

     *B.  Disparity in Resources.*

Redwind also argues the disparity between her resources and those of Western Union is sufficient to overcome the presumption in favor of awarding costs. While Western Union argues the court should not consider Western Union's revenue, *Escriba* supports consideration of "the economic disparity between the parties." *Escriba*, 743 F.3d at 1248 (district courts may consider) (citing *Ass'n of Mex.–Am. Educators*, 231 F.3d at 592–93). Still, economic disparity alone does not mandate a specific outcome. Economic disparity is inherent in employment cases, as employers generally have greater resources than their individual employees. To recognize this disparity, without more, as an exception to the presumption would create a rule in employment cases that would render the presumption meaningless, and likely eliminate an award of costs to employers in virtually every case. Redwind identifies no other reason for denying costs. Thus, economic disparity alone is not a sufficient reason for denying costs.

     *C.  Chilling Effect on Other Plaintiffs.*

Redwind contends the award of costs would have a chilling effect on other employment-discrimination plaintiffs. Courts may consider a cost award's potential chilling effect on similar litigants. *Escriba*, 743 F.3d at 1247–48; *Ass'n of Mex.–Am. Educ.*, 231 F.3d at 592–93. In *Association of Mexican–American Educators*, the court considered a group of professional associations asserting civil-rights claims that could impact "tens of thousands of Californians and

the state's public school system as a whole." *Ass'n of Mex.–Am. Educ.*, 231 F.3d at 593.  The court upheld a denial of costs because the costs were "extraordinarily high" and awarding such costs in a close, important case might deter other large-scale civil-rights cases.  *Id.*  In *Escriba*, the court found a potential chilling effect supported not awarding costs after an unsuccessful Family and Medical Leave Act ("FMLA") claim by a worker making $11,622 per year.  *Escriba*, 743 F.3d at 1248.  The court relied on the statements of state and federal officials to find a likely chilling effect on other low-wage FMLA plaintiffs if the court awarded costs.  *Id.* at 1248–49.

The circumstances of this case do not present a potential chilling effect sufficient to rebut the presumption in favor of awarding costs.  *Association* and *Escriba* both considered specific classes of litigants who would be particularly vulnerable to an award of costs following litigation with an effect beyond the individual litigant.  Redwind does not show that an award of costs in this case would have a comparable effect on a class of potential litigants.  *Hunt* also considered the chilling-effect criteria in a similar context, and reached the same conclusion.  There, the court distinguished *Association*, finding that the claims brought were specific to the plaintiff and similar to those raised in "a significant percentage of employment lawsuits."  2011 WL 3555772, at *5–6.   So too here.  Redwind's claims were specific to her and similar to many other employment lawsuits filed before this court.  While a monetary consequence following unsuccessful litigation has some inherent chilling effect, any potential effect from this case is not of a type meriting a denial of costs.  Accordingly, Redwind's policy arguments against awarding any costs are unpersuasive.

### D.  Stay on Award of Costs Pending Appeal.

In the alternative, Redwind asks the court to stay the award of costs pending resolution of her appeal.  The court construes this request as a motion seeking a stay on the award of costs, consistent

with the court's mandate to construe pro se pleadings liberally. *See Draper*, 836 F.3d at 1080 (citing *Thompson v. Davis,*. 295 F.3d 890 (9th Cir. 2002)). Litigants may obtain a stay of an order as a matter of right by obtaining a supersedeas bond. FED. R. CIV. P. 62(d). Courts also have the discretion to grant a stay without posting of a bond. *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). The record does not establish Western Union would suffer undue prejudice because of a stay of the award of costs. Accordingly, the court exercises its discretion to grant a stay of the award of costs until the Court of Appeals rules on the merits of Redwind's appeal, without posting a supersedeas bond.

## *Conclusion*

The court DENIES Redwind's motion for reconsideration (ECF No. 203) as to the merits of the award of costs. The court GRANTS Redwind's implied motion for a stay of the award of costs until the United States Court of Appeals for the Ninth Circuit issues a ruling on the merits of Redwind's appeal.

IT IS SO ORDERED.

DATED this 16th day of March, 2017 .


/s John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge

[TJP]